IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |
|---|---|
| **ROBERT HENLEY** <br> 15263 Ridge Hunt Drive <br> Woodbine, Maryland 21797 <br><br> *Plaintiff*, <br><br> v. <br><br> **DASCOM SYSTEMS GROUP, LLC** <br> 2415 Ventura Drive <br> Woodbury, MN 55125 <br><br> <u>Serve Upon Resident Agent</u>: <br> Dascom Systems Group, LLC <br> National Registered Agents, Inc. <br> Of Maryland <br> 351 W Camden Street <br> Baltimore, Maryland 21201 <br><br> *Defendant*. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *   Civil Action No. _____ <br> * <br> * <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff, Robert Henley ("Mr. Henley"), hereby sues Defendant, Dascom Systems Group, LLC ("Dascom"), and states as follows:

### Parties

1.  Mr. Henley is a resident of Woodbine, Maryland. Mr. Henley has over 20 years of telecommunications experience and a myriad of cloud based solutions experience. Mr. Henley has architected and managed the construction and integration of many large enterprise and carrier backbone networks having worked as lead systems engineer for The Apex Group and ADC Telecom, and lead sales engineer for TRW Healthcare, among other positions he has held.

Over the course of his career, Mr. Henley has developed and maintained many long standing relationships with vendors, customers and other partners.

2.  Dascom is Mr. Henley's former employer. Dascom purports to be a full-service integrator of audiovisual solutions, IPTV solutions and cloud services. Dascom is a limited liability company, organized in the State of Delaware, with its principal place of business in Woodbury, Minnesota. Until November 2012, Dascom maintained an office located at 1341 Hughes Ford Road, Suite 111, Frederick, Maryland 21701.

3.  Upon information and belief, Dascom is owned by a private equity fund managed by Strength Capital, LLC. Upon information and belief, no member of Strength Capital, LLC, or limited partner in any fund owning any direct interest in Dascom, is a Maryland resident or a corporation that is a citizen of Maryland for diversity purposes.

## Jurisdiction and Venue

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5.  Venue properly lies within this district pursuant to 28 U.S.C. § 1391 because Mr. Henley resides in this district, Dascom does business in this district, and a substantial part of the events or omissions giving rise to this Complaint occurred in this district.

## Facts Common To All Counts

6.  On or about June 29, 2011, Dascom extended a written offer of at-will employment to Mr. Henley (the "Offer Letter").

7.  Dascom offered Mr. Henley an annual salary of $120,000.00. Dascom further agreed that (i) Mr. Henley would be eligible to participate in the Company's bonus program for up to 25% of his base salary and (ii) Mr. Henley would receive a margin share of 25% of the

gross margin recognized for pre-existing relationships that Dascom assumed from Fusion Networks (an entity previously owned by Mr. Henley).

8. The Offer Letter further provided:

This letter contains the entire offer of employment with [Dascom]. No other offers or representations with respect to any terms or conditions of employment are applicable to your employment with [Dascom] unless specifically agreed to by the Chief Executive Officer in writing.

9. Shortly thereafter, Mr. Henley accepted the Offer Letter by executing the same.

10. As an employee of Dascom, Mr. Henley developed and deployed a new line of cloud-based business services for Dascom.

11. Primarily, if not exclusively, Mr. Henley leveraged existing relationships that he brought to Dascom and solicited entities that were not customers of Dascom prior to Mr. Henley's efforts.

12. After investing a year and a half in Dascom, Mr. Henley recognized that Dascom was either unable or unwilling to follow through on its financial commitments to the cloud-based line of business. As a result, Mr. Henley concluded that it was not to his benefit to continue his employment with Dascom.

13. In December 2012, Mr. Henley gave notice to Dascom that he was resigning and voluntarily terminating his employment.

14. Mr. Henley's last day of employment was January 5, 2013.

15. Mr. Henley received his final paycheck on January 15, 2013.

16. At all times during his employment, Mr. Henley used his best efforts to promote and further the interests of Dascom.

17.	Indeed, Mr. Henley was invested in the success of Dascom as evidenced by the fact that a significant component of his compensation was to be paid through the Dascom bonus program and through the margin share arrangement.

18.	To date, and despite the parties' agreement in the Offer Letter, Dascom has failed to pay Mr. Henley the amounts due to him under the company's bonus program and pursuant to the agreed-upon margin share arrangement.

19.	Moreover, Dascom has failed to account to Mr. Henley for the company's failure to make such payments.

20.	Nevertheless, following his departure Mr. Henley agreed to discuss an agreement whereby he would serve as a non-exclusive sales representative for Dascom.

21.	Mr. Henley drafted an "agency agreement" that outlined what would be terms of the parties' relationship if the parties were able to agree on particulars.

22.	The parties were not able to agree on terms; specifically, the parties failed to reach an agreement as to what Mr. Henley would do and what customers he would solicit.

23.	Thus, the parties never entered into the agency agreement.

24.	On February 4, 2013, Mr. Henley notified Dascom (in writing) that he was terminating any further discussions concerning the agency agreement.

25.	Despite Mr. Henley's amicable departure, Dascom began to attack Mr. Henley and his business relationships.

26.	Specifically, Dascom has sought to dissuade potential customers from doing business with Mr. Henley by misrepresenting the nature of his departure and the terms of his prior employment with Dascom.

27. Dascom has contacted Mr. Henley's prospective and current customers, many of whom have had long relationships with Mr. Henley, and misrepresented Mr. Henley's ability to do business with them.

28. Upon information and belief, Dascom has suggested, implied and, on other occasions, expressly represented that Mr. Henley's prior employment with Dascom prevents Mr. Henley from competing with Dascom and/or working with or soliciting prospective and current clients.

29. These suggestions, implications, and representations were and are knowingly false.

30. Mr. Henley's employment with Dascom was at-will and exclusively contained in the Offer Letter. Mr. Henley does not owe Dascom any continuing duties.

31. Dascom is misrepresenting Mr. Henley's at-will employment and suggesting that he is subject to some form of non-solicitation or non-competition agreement to dissuade prospective clients from doing business with Mr. Henley.

32. Dascom continued its campaign against Mr. Henley on February 15, 2013 by way of a threatening letter from counsel in Minneapolis, Minnesota.

33. In its letter from counsel, Dascom again misrepresented the nature of the parties' relationship in a number of ways: first, Dascom claimed that Mr. Henley owed Dascom some species of continuing duty of loyalty arising from an agency agreement that was never executed; second, Dascom claimed that Mr. Henley was somehow using confidential information or trade secrets in breach of some unspecified law or agreement with Dascom.

34. These representations were and are false.

35.   The agency agreement drafted by Mr. Henley never blossomed into a contract and there was no meeting of the minds in relation thereto.

36.   Mr. Henley owes Dascom no continuing duty of loyalty.

37.   Further, Mr. Henley does not owe Dascom any duty that would prevent him from soliciting Dascom's current or prospective customers, or any other prospective customers.

38.   Mr. Henley has not used, nor does he intend to use, Dascom's trade secrets to solicit customers.

39.   Counsel for Mr. Henley responded to Dascom's threats by way of a February 20, 2013 letter (to which counsel for Dascom responded with a follow-up question on February 21, 2013).

40.   Dascom continues to harass and misrepresent the nature of Mr. Henley's employment agreement to Mr. Henley's prospective clients who have suggested that they would do business with Mr. Henley.

## Count I
### (Declaratory Judgment)

41.   Paragraphs 1 through 40 of this Complaint are incorporated by reference as though fully set forth herein.

42.   Mr. Henley agreed to discuss an agreement whereby he would serve as a non-exclusive sales representative for Dascom.

43.   Mr. Henley drafted an "agency agreement" that outlined what would be terms of the parties' relationship if the parties were able to agree on particulars.

44.   The parties were not able to agree on terms; specifically, the parties failed to reach an agreement as to what Mr. Henley would do and what customers he would solicit.

45. The parties never had a meeting of the minds in relation to the agency agreement and, therefore, never entered into the agency agreement.

46. Mr. Henley notified Dascom in writing on February 4, 2013 that he was terminating any further discussions regarding the agency agreement.

47. Notwithstanding the foregoing, Dascom claims that the agency agreement obligates Mr. Henley in some unspecified manner and somehow prevents him from soliciting Dascom's current and prospective clients.

48. Thus, there exists an actual controversy of a practicable issue between Mr. Henley and Dascom within the jurisdiction of this Court involving the rights and liabilities of the parties with respect to the terms of Mr. Henley's employment and/or any agreement with Dascom, which controversy may be determined by a judgment of this Court.

WHEREFORE, as to Count I of the Complaint, Plaintiff Robert Henley respectfully requests this Court:

(a) Enter an order declaring that the parties did not enter into a legally enforceable contract by way of the agency agreement;

(b) In the alternative, enter an order declaring that any restrictions contained in the agency agreement have not expired on their own terms; and

(c) Enter and declare such other and further relief that this Court may deem necessary and just.

### Count II
### (Declaratory Judgment)

49. Paragraphs 1 through 48 of this Complaint are incorporated by reference as though fully set forth herein.

50. The terms of Mr. Henley's employment were expressly and exclusively provided in the Offer Letter.

51. The Offer Letter does not include any non-competition or non-solicitation provisions.

52. Notwithstanding the foregoing, Dascom has misrepresented, and is misrepresenting, the terms of Mr. Henley's employment with Dascom to Mr. Henley's prospective clients. Specifically, Dascom continues to misrepresent to Mr. Henley's prospective clients that the Offer Letter prevents Mr. Henley from competing with Dascom or soliciting Dascom's prospective or current clients.

53. Thus, there exists an actual controversy of a practicable issue between Mr. Henley and Dascom within the jurisdiction of this Court involving the rights and liabilities of the parties with respect to the terms of Mr. Henley's employment and/or any agreement with Dascom, which controversy may be determined by a judgment of this Court.

WHEREFORE, as to Count II of the Complaint, Plaintiff Robert Henley respectfully requests this Court:

(a) Enter an order declaring that the Offer Letter does not prevent Mr. Henley from competing with Dascom or soliciting prospective or current clients of Dascom; and

(b) Enter and declare such other and further relief that this Court may deem necessary and just.

## Count III
### (Breach of Contract)

54. Paragraphs 1 through 53 of this Complaint are incorporated by reference as though fully set forth herein.

55. Through the Offer Letter, Mr. Henley and Dascom entered into an agreement whereby Mr. Henley agreed to work for Dascom on an at-will basis and Dascom agreed to pay Mr. Henley to do the same.

56. Significant components of Mr. Henley's agreed upon compensation included promises to include Mr. Henley in the Dascom bonus program (up to 25% of his salary) and through a margin share of 25% of the gross margin recognized for pre-existing relationships that Dascom assumed from Fusion Networks.

57. Mr. Henley fully-performed all obligations that he owed to Dascom as an at-will employee.

58. Nevertheless, Dascom failed to pay Mr. Henley either a bonus pursuant to the Dascom bonus program or any portion of the margin share that is due and owning.

59. Moreover, Dascom has completely failed to account for its refusing to pay such bonus and margin share.

60. Dascom's failure to pay the bonus and the margin share is a material breach of the parties' contract and has damaged Mr. Henley

WHEREFORE, as to Count III of the Complaint, Plaintiff Robert Henley respectfully requests this Court grant the following relief:

(a) Enter a money judgment against Defendant, Dascom Systems Group, LLC for the amount of $105,000.00 plus prejudgment interest at the legal rate, the costs and expenses of this action, and post-judgment interest at the judgment rate; and

(b) Such other and further relief that this Court may deem necessary and just.

## Count IV
### (Tortious Interference with Prospective Advantage)

61. Paragraphs 1 through 60 of this Complaint are incorporated by reference as though fully set forth herein.

62. As set forth in greater detail above, Dascom has misrepresented the nature of Mr. Henley's employment agreement to prevent others from doing business with Mr. Henley.

63. Dascom's conduct is intentional and willful, calculated to cause damage to Mr. Henley in a loss of business, committed with the unlawful or improper purpose to cause such damage, and without justification or excuse.

64. Mr. Henley has suffered harm as a result of Dascom's actions and will continue to suffer such harm if Dascom's wrongful conduct is not enjoined.

WHEREFORE, as to Count IV of the Complaint, Plaintiff Robert Henley respectfully requests this Court grant the following relief:

(a) Enter an order pursuant to Rule 65 of the Federal Rules of Civil Procedure permanently restraining and enjoining Dascom (including its officers, agents, employees and attorneys) from: (i) making any misrepresentation to any third party concerning the nature of Mr. Henley's prior employment and/or agreement with Dascom; or (ii) tortiously interfering with Mr. Henley and his affiliates in any manner whatsoever.

(b) Enter a money judgment against Defendant, Dascom Systems Group, LLC for the amount of $500,000.00 plus prejudgment interest at the legal rate, attorney's fees, the costs and expenses of this action, and post-judgment interest at the judgment rate; and

(c) Grant such other and further relief that this Court may deem necessary and just.

## Count V
## (Unfair Competition)

65.     Paragraphs 1 through 64 of this Complaint are incorporated by reference as though fully set forth herein.

66.     Dascom's misrepresentations regarding Mr. Henley's legal ability to do business with certain prospective customers is an improper attempt to gain an unfair advantage over Mr. Henley and is an attempt to deceive those seeking to do business with Mr. Henley.

67.     Dascom's actions, as described above, separately or taken together, constitute acts that are deceitful and not based on common honesty and fairness.

68.     Defendants actions described herein are designed to prevent Dascom's existing and prospective customers from doing business with Mr. Henley.

69.     As a direct and proximate result of Dascom's actions, Mr. Henley will be adversely damaged in a manner that is difficult to quantify.

WHEREFORE, as to Count V of the Complaint, Plaintiff Robert Henley respectfully requests this Court grant the following relief:

(a)     Enter a money judgment against Defendant, Dascom Systems Group, LLC for the amount of $500,000.00 plus prejudgment interest at the legal rate, attorney's fees incurred in this litigation, the costs and expenses of this action, punitive damages in an amount to be determined at trial and post-judgment interest at the judgment rate; and

(b)     Such other and further relief that this Court may deem necessary and just.

    Respectfully submitted,

 /s/
_____
Todd M. Reinecker (#27082)
Joshua J. Gayfield (#29189)
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland  21202
(410) 385-3627
treinecker@milesstockbridge.com
jgayfield@milesstockbridge.com

*Attorneys for Plaintiff*